WILES v. NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, appellant.

*Demurrage — construction of contract — delay in unloading canal boat — what constitutes a " day."*

Plaintiff contracted to transport coal by canal from W. to S., consigned to defendant, the consignee, "to have three full working or week days after boat arrives at their dock, in which to discharge cargo, and to pay master for any time (exclusive of Sundays) boat is detained for discharging after the expiration of said three days, $10 per day, and at the same rate for portions of days." Plaintiff arrived at S., near defendant's dock, and informed defendant that he was ready to unload. He was told to lie still until they called him, and was detained eight days and eight hours on account of other boats ahead of his discharging at the same dock. In an action for the excess of five days and eight hours beyond the three working days the defense was that plaintiff's boat did not "arrive at defendant's dock," within the meaning of the contract, until the day it was unloaded. *Held,* that plaintiff having arrived in the immediate vicinity of the dock and offered to deliver the cargo, his contract was performed, and defendant was liable for any detention after the lapse of three days. In estimating the damages for the detention, twenty-four hours should be reckoned a " day " instead of ten hours.

APPEAL by defendant from a judgment in favor of plaintiff. The action was brought by Elijah Wiles against the New York Central and Hudson River Railroad Company, to recover damages for the detention in unloading plaintiff's canal boat at defendant's dock. The opinion states the facts. The judge before whom the case was tried ordered a verdict for plaintiff.

*S. W. Jackson,* for appellant, cited Abbott on Shipping, 304; *Read* v. *D. & H. C. Co.,* 49 N. Y. 652; *Sipperly* v. *Stewart,* 50 Barb. 68; *Wheeler* v. *Newbould,* 5 Duer, 29; *Dawson* v. *Kittle,* 4 Hill, 108; *Weber* v. *Kingsland,* 8 Bosw. 415.

*D. S. Morrel,* for respondent.

BOARDMAN, J.   The plaintiff loaded at Watkins, N. Y.; with a cargo of coal to be transported by canal to Schenectady, N. Y., consigned to the defendant.   In the bill of lading were the following conditions, to wit : the consignees were "to have three full working or week days after the boat arrives at their dock, in which to discharge cargo, and to pay master for any time (exclusive of Sundays) boat is detained for discharging after the expiration of said three days, $10 per day, and at the same rate for portions of days."   Plaintiff arrived at Schenectady near the defendant's place for unloading on the morning of August 1st, 1873, and took his bill of lading to defendant's office and told defendant he was ready to unload at any time.   He was told to lie still until they called him.   He remained at that place until the 11th day of August, when, by the direction of defendant, he moved up to defendant's dock and was unloaded.   The plaintiff was detained awaiting an opportunity to unload eight days and eight hours.   Such delay was caused by the number of boats ahead of plaintiff's, seeking to discharge their cargoes upon the same dock.   He was compelled to await his turn.   When that came he went up to the company's dock and was discharged in a single day.   The action was brought for the five days and eight hours demurrage or detention beyond the three working days.   The only defense interposed is that plaintiff's boat did not *arrive at defendant's dock* until the day it was unloaded, within the meaning of the contract.

The defendant's construction of this contract ought not to prevail.   It should be construed according to its true spirit and intent.   By the contract the defendant had three working days to discharge the cargo after its arrival at the dock.   One day only was necessary.   The other two days were doubtless stipulated to cover contingent delays.   If the cargo was not discharged within the three days the defendant agreed to pay demurrage at the rate of $10 per day.   The plain object of the parties was to provide compensation for unreasonable detention, and it was agreed that a delay beyond three days after a tender of cargo to defendant would be unreasonable.   The plaintiff having arrived in the immediate vicinity of defendant's dock, and offered to deliver the cargo, his contract was performed.   The defendant was bound to receive the cargo within a reasonable time (by agreement three days).   *Clendaniel* v. *Tuckerman*, 17 Barb. 184..   By directing plaintiff to lie still until called for, defendant waived the necessity of an arrival at the dock.   The

contract was, therefore, in substance and effect performed by plaintiff on the morning of August 1. From that time it became the defendant's duty to receive the boat at its dock and discharge its cargo. In the absence of a contract, damages in the nature of demurrage may be recovered for unreasonable detention. *Morse* v. *Pesant*, 3 Abb. Ct. of Ap. 321. But when, as in this case, the parties by their contract have made a law unto themselves, the courts may justly hold them to it. In *Randall* v. *Lynch*, 12 East, 179, where it was covenanted that forty days should be allowed for unloading, etc., it was held by the court an implied covenant was raised not to detain the ship more than forty days, and a recovery was had for such detention. The same case and *Cross* v. *Beard*, 26 N. Y. 85, are authority for saying that no excuse can avail defendant for a delay beyond three days, without compensation. It is only where there is no express agreement about demurrage that the question of reasonable time can be determined by a jury, and excuses for delay be received in evidence in that respect.

For the reasons assigned, this court is satisfied no defense to the action was established. The learned judge very properly ordered a verdict for the plaintiff. But in estimating eight hours as eight-tenths of a day, we think the court erred. There is nothing in the bill of lading or in the evidence warranting such a restricted meaning to the word "day." It should have been eight-twenty-fourths of a day, or $3.33, and the judgment should be reduced to $53.33, for which sum the judgment should be affirmed, with costs.

*Judgment affirmed.*